Filed 3/28/25  P. v. Hisaka CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063843 |
| v. | (Super. Ct. No. 18NF2658) |
| SCOTT SEIJI HISAKA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Steven D. Bromberg, Judge. Affirmed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

While driving well above the speed and blood alcohol limits, defendant Scott Seiji Hisaka ran a red light at an intersection in La Habra and "T-boned" another vehicle, killing the driver. Because Hisaka had a prior history of drunk driving, he was charged with implied malice murder and other crimes. A jury convicted him as charged, and he was sentenced to an indeterminate life term.

On appeal, Hisaka's appointed attorney filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. While not arguing against her client, counsel represented she found no issues to advance on appeal and asked us to review the appellate record, which we have done. We also advised Hisaka of his right to file a written argument on his own behalf, but he has not done so. Finding no arguable issues, we affirm the judgment.

STATEMENT OF FACTS

In 2008, a decade before the instant case arose, Hisaka tried to flee on foot after crashing his car into a center divider on a roadway in Northern California. He was apprehended by the police and determined to have a blood alcohol concentration (BAC) of .20 percent, which is two and one-half times the legal limit. Hisaka was 18 years old at the time. In talking with the arresting officers, he admitted he was a "dumbass" for driving impaired and stated that his friend's brother had been killed by a drunk driver.

Unfortunately, that incident did not stop Hisaka from drinking and driving. In the early morning hours of June 25, 2018, he was so intoxicated he passed out behind the wheel of his car while waiting at a traffic light in Costa Mesa. The police had to rock Hisaka's car for about a minute before he finally woke up, and when he did, he was visibly impaired

and admitted he had been drinking that night. That admission was confirmed by a blood test that revealed Hisaka's BAC was .17 percent.

In connection with that incident, Hisaka was charged with driving under the influence and ordered not to drive if he had been drinking, no matter what the amount. He also signed a *Watson* advisory (see *People v. Watson* (1981) 30 Cal.3d 290) informing him that driving under the influence of drugs or alcohol is extremely dangerous to human life. The advisory explicitly warned Hisaka that he could be charged with murder if he ever killed someone while driving under the influence of alcohol and/or drugs.

On September 20, 2018—15 days after he signed the *Watson* advisory—Hisaka drove his car after ingesting copious amounts of alcohol and drugs. This time, the results were fatal. While speeding through the intersection of La Habra and Harbor Boulevards against a red light at roughly 75 miles per hour, Hisaka plowed into another car, killing the driver, Jacob Farrand, who died at the scene from the force of the collision.

Although Hisaka sustained some minor injuries in the crash, he was able to respond to the officers' questions at the scene. At first, he denied drinking that night. But he eventually admitted he had "[a] lot" to drink that evening, including at least one bottle of whiskey and two large cans of malt liquor. His BAC an hour after the crash was .26 percent, more than three times the legal limit.

Hisaka also had opioids and ecstasy in his system. In a text message about an hour before the crash, he told a friend it would be "dumb" for him to drive in his current state because he was "tripping" and feeling "[w]ay too fucking weird to drive." Yet, that is what Hisaka proceeded to do.

When interviewed by the police the following day, Hisaka acknowledged he had previously been arrested for drunk driving and knew

3

such conduct could be deadly. He also surmised he could be charged with murder or manslaughter for taking Farrand's life.

As it turned out, the prosecution charged Hisaka with implied malice second degree murder for killing Farrand and, based on the earlier incident in June 2018, with driving under the influence of alcohol and driving with a BAC of .08 percent or more. (Pen. Code, § 187, subd. (a); Veh. Code, § 23152, subds. (a), (b).) For the latter two charges, the prosecution also alleged, as a special sentencing factor, that Hisaka had a BAC of .15 percent or more. (Veh. Code, § 23578.)

A jury convicted Hisaka as charged, and the trial judge sentenced him to 15 years to life in prison. In so doing, the judge noted this was one of the most egregious drunk driving cases he had ever presided over during his nearly two decades on the bench. For his part, Hisaka apologized to Farrand's family for his conduct and thanked the judge and counsel for affording him a fair trial.

## DISCUSSION

As we mentioned at the outset, appellate counsel was unable to find any arguable issues to raise on Hisaka's behalf. She did, however, identify the following unbriefed issues to assist us in our review of the record:

1. Did the trial court prejudicially err in admitting evidence of Hisaka's 2008 arrest and statements?

2. Was there sufficient evidence to support Hisaka's murder conviction?

Neither issue warrants an extended discussion. The principal charge against Hisaka was second degree implied malice murder. As our Supreme Court recently explained, "malice is implied when the defendant deliberately performs an act, knowing that their conduct endangers the life of

4

another, and acts with conscious disregard for life." (*People v. Collins* (2025) 17 Cal.5th 293, 310, citing *People v. Reyes* (2023) 14 Cal.5th 981, 989.)

The evidence regarding Hisaka's 2008 drunk driving incident was relevant to these requirements because it tended to prove he was aware of the life-threatening danger of driving while intoxicated. (See *People v. Ortiz* (2003) 109 Cal.App.4th 104, 112–116.) Yet, in terms of prejudice, the evidence was not nearly as inflammatory as the facts of the present case. (*People v. Ewoldt* (1994) 7 Cal.4th 380, 405.) The trial court did not abuse its discretion in allowing the jury to consider it.

In any event, there was ample additional evidence demonstrating that Hisaka consciously disregarded a life-threatening risk when he decided to drive on the night in question. Just two weeks earlier, he was arrested for driving under the influence and advised that drinking and driving can have lethal consequences. He also was warned that he could be charged with murder if he ever killed anyone while driving drunk.

Nonetheless, Hisaka got behind the wheel of his car knowing he was too impaired by drugs and alcohol to drive and sped through the streets in a manner that created a mortal danger to anyone in his vicinity. His conduct reflected the wanton disregard for human life that epitomizes the crime of implied malice murder. Suffice to say, there was overwhelming evidence to support his conviction for that offense.

Having reviewed the record for any other arguable issues, we are convinced none exist. We thus have no reason to disturb the judgment.

## DISPOSITION

The judgment is affirmed.

GOODING, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

DELANEY, J.